**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-696 (RDM) |

**MEMORANDUM OPINION AND ORDER**

On February 26, 2026, Plaintiffs filed this action challenging the Department of Justice's Interim Final Rule ("IFR") amending the Department's regulations governing review by the Board of Immigration Appeals of decisions issued by Immigration Judges, Dkt. 1, and, at that same time, Plaintiffs filed an Emergency Motion to Stay the Effective Date of the IFR pursuant to 5 U.S.C. § 705, Dkt. 2. The next day, the Court held a status conference and set a schedule for resolving the pending motion. Because the IFR is set to take effect on March 9, 2026, the Court directed that Defendants respond to the motion on March 3; that Plaintiffs file their reply on March 5; and that the parties appear for oral argument on March 6. *See* Min. Entry (Feb. 27, 2026).

Although Plaintiffs' motion raises a host of challenges, as Plaintiffs' counsel noted at the status conference, one of those issues is very narrow and discrete—the question is simply whether the Department lawfully concluded that it did not need to provide an opportunity for notice and comment before the IFR took effect. That conclusion was premised on two theories, first, that an opportunity for notice and comment was not required because the rule is one of

"agency organization, procedure, or practice," and, second, that notice and comment was not required because the rule involves a "foreign affairs function of the United States," 5 U.S.C. § 553. As far as the Court can discern, the applicability (or inapplicability) of these exceptions to the notice and comment requirement does not turn on any disputed issue of fact; it does not require factual development; and it is a question that the Department has already considered and addressed in the IFR.

As a result, it is far from clear whether or how the parties' briefing and the Court's analysis will differ in any way between resolving the request for a Section 705 stay and resolving the case on the merits under the governing summary judgment standard. To be sure, issuing a stay involves consideration of irreparable injury and the balance of hardships. But that is simply because the issuance of interim relief leaps ahead of the merits and is thus extraordinary. Not only are those findings unnecessary if and when a Court can decide a dispute on the merits, the law favors resolving disputes, whenever possible, on the merits. The Court, accordingly, directed the parties to indicate whether they object to consolidating Plaintiffs' motion for a Section 705 stay with the merits of the notice-and-comment claim, just as courts commonly do under Rule 65(a)(2) when a motion for a preliminary injunction mirrors the ultimate merits of the case and reaching the merits fosters efficiency. *See* Min. Order (Mar. 1, 2026).

Plaintiffs do not object to treating the pending motion as a motion for summary judgment, at least to the extent the motion challenges the Department's failure to provide an opportunity for notice and comment before the IFR is set to take effect. *See* Dkt. 14. Defendants, however, do object. They assert that "Plaintiffs' motion raises several threshold questions including statutory jurisdiction, Article III standing, and irreparable harm that the Court should consider at this stage of the case prior to summary judgment." Dkt. 15 at 1. They

also suggest that they might want to seek "jurisdictional discovery on Plaintiffs' assertions as to their organizational standing." *Id.* And, finally, they assert that they "have expended significant resources and effort over the weekend to prepare a response to the 705 motion." *Id.* The Court is unpersuaded and concludes that consolidation is warranted.

The Court will start with the Department's final argument, which appeals to the conservation of resources. That, of course, is precisely why the Court raised the question of consolidating the motion for a Section 705 stay with the merits. Simply put, the question is, why the parties and the Court should engage in a process twice, when once will likely suffice? (Or why two potential appeals—one of the Court's preliminary order and one of the Court's final order—would serve the interests of judicial economy?) The notice-and-comment issue is a narrow one, which turns exclusively on the administrative record and the law. Defendants have undoubtedly spent time working on this issue, along with other issues. But they fail to explain how their briefing on this question will differ in any respect at the summary judgment stage. And to the extent treating the pending motion as a motion for summary judgment takes some issues off the table—notably irreparable injury and balance of hardships—beyond the sunk costs fallacy, it is hard to see how that narrowing of the issues will waste resources.

Nor is the Court persuaded by Defendants' other contentions. To be sure, were the Court to resolve the motion under Section 705, and not on the merits, the Plaintiffs' burden with respect to standing and jurisdiction would be less demanding; rather than demonstrating that they have standing and that the Court has jurisdiction based on the undisputed facts, they would need only show that it is likely that they will ultimately prevail on these issues. It is hard to understand, however, how imposing a higher burden on Plaintiffs will prejudice Defendants.

That, then, leaves the question of jurisdictional discovery. The Court cannot recall an occasion in which the government has sought discovery regarding organizational standing in an Administrative Procedure Act ("APA") case like this one. But even if the government identifies some need for discovery, it is free to raise that need in its opposition to the motion for summary judgment. To do so, Defendants will be required to comply with Rule 56(d), and they will need to "show[] by affidavit or declaration that, for specified reasons, [they] cannot present facts essential to justify its opposition," and they will need to request that the Court "allow time . . . to take discovery." Fed. R. Civ. P. 56(d). If Defendants make that showing, the Court will provide them with that opportunity. But before Defendants even attempt to identify a possible dispute that discovery might help resolve, the Court will not assume that this is one of the very rare APA cases in which jurisdictional discovery is warranted. The Court will, however, place Plaintiffs on notice that they may need to produce one or more witnesses for deposition on an expedited basis, and, if a suitable witness is available to appear (just in case) at the hearing on March 6, all the better.[1]

Plaintiffs request that if the Court accelerates adjudication of the notice-and-comment claim, it "stay briefing on the remaining arguments in the motion for a Section 705 stay." Dkt. 14 at 1. Given the concerns raised in Defendants' opposition, the Court is not yet prepared to

---

[1] Rule 56 was amended in 2010 to allow "a motion for summary judgment to be filed at the commencement of an action," although the advisory committee notes recognize that "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, 2010 advisory comm. notes (subdivision (b)). Here, Defendants do not maintain that treating Plaintiffs' motion, in part, as a motion for summary judgment is procedurally improper or that they should be afforded an opportunity to answer or move before the Court reaches Plaintiffs' notice-and-comment claim on the merits. In any event, although it is true that "in many cases" summary judgement briefing is not appropriate this early in the proceeding, for the reasons discussed above, the Court is persuaded that this case presents the type of circumstance as to which the amendment to Rule 56 will serve a valuable purpose and will not cause any prejudice.

take that step. As the dispute is currently framed, Defendants are free to argue that the case is not ready for resolution on the merits, and, if the Court agrees, the Court will need to decide whether to grant the stay that Plaintiffs request. In short, although not ideal, the Court concludes that the most efficient path forward is to treat the pending motion as a motion for summary judgment on the notice-and-comment claim or, in the alternative, as a motion for a Section 705 stay on all of the issues Plaintiffs raise.

One final note. The Court does not suggest that every motion for a stay or preliminary injunction in any APA action (or even in any action challenging an agency's failure to provide an opportunity for notice and comment) can or should be treated as a motion for summary judgment. More often than not, the questions presented will be complex, record intensive, and not easily resolved on the merits on an expedited basis. The Court raised the prospect of consolidation here only because Plaintiffs' notice-and-comment claim is addressed in the IFR itself, is narrow and premised on well-developed legal precedent, and can be resolved without plumbing an extensive administrative record. It is also an issue that might soon be mooted by issuance of a final rule. If the case is allowed to take its usual course, the final rule will likely issue before the Court can resolve the motion for a stay, wait for the government to answer or move, and then set a schedule for cross-motions for summary judgment. And if changes are made in the final rule, the Court will need to decide whether any substantive rights were affected by the earlier effective date of the IFR.

The Court does not mean to suggest that Plaintiffs are likely to prevail on their notice-and-comment claim, which is not yet fully briefed and which the Court has yet fully to explore. Rather, the Court is merely attempting to "secure the just, speedy, and inexpensive determination" of the action, as required by Rule 1 of the Federal Rules of Civil Procedure. At

least on the present record, the Court is unable to identify anything that is likely to change between resolution of Plaintiffs' emergency motion and the merits or any reason why it should, in effect, resolve the same motion twice.[2]

* * *

The Court concludes, accordingly, that it will treat the pending motion as a motion for summary judgment on the notice-and-comment claim or, in the alternative, as a motion for a Section 705 stay on all of the issues Plaintiffs raise.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: March 2, 2026

[2] If Defendants require a short extension of time to file their opposition brief in light of this Order, they may (promptly) make such a request, which the Court will endeavor to accommodate.