# Exhibit A

**In the United States District Court**
**for the District of Columbia**

| | |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW et al.,<br><br>*Defendants*. | Case No. 26-cv-00696-RDM<br><br>**DECLARATION OF DAREN MARGOLIN IN SUPPORT OF DEFENDANTS' MOTION FOR DISCOVERY UNDER FED. R. CIV. P. 56(d)** |

I, Daren K. Margolin, hereby declare under penalty of perjury:

1. Because I make this declaration for a limited purpose, it does not include all my knowledge pertaining to the subjects of this declaration.

2. I am employed as Director in the Executive Office for Immigration Review within the United States Department of Justice. In that capacity, I have been involved in the drafting, review, and promulgation of the interim final rule at issue in this litigation. I have reviewed Plaintiffs' complaint, Plaintiffs' stay motion, and the exhibits to each. My statements below are based on my personal knowledge and my review of appropriate records of the Executive Office for Immigration Review and the Department of Justice.

3. To my knowledge, Defendants are unaware of the following facts, except as already stated in Plaintiffs' declarations attached to their emergency motion for a stay (now converted to a summary-judgment motion):

a. The number of clients each Plaintiff has represented since March 9, 2025, of each of the following kinds:

   i. All aliens;

   ii. Aliens in proceedings in an immigration court;

   iii. Aliens in proceedings before the Board of Immigration Appeals;

   iv. Aliens in proceedings before a court of appeals on a petition for review;

   v. Aliens in other proceedings in federal court; and

   vi. Aliens in other proceedings before a federal agency.

b. The projected number of clients each Plaintiff will represent between March 9, 2026, to March 9, 2027, in each of the categories in ¶ 3(a)(i)–(vi) above.

c. The average number of hours each Plaintiff spent since March 9, 2025, representing a client in each of the categories in ¶ 3(a)(i)–(vi) above, and the bases for those projections.

d. The projected average number of hours each Plaintiff will spend between March 9, 2026, to March 9, 2027, representing a client in each of the categories in ¶ 3(a)(i)–(vi) above, and the bases for those projections.

e. As to each Plaintiff, the number of attorneys the Plaintiff employs, and the number of such attorneys who handle cases of each of the types in ¶ 3(a)(ii)–(vi) above.

f. The current average amount of time each Plaintiff spends preparing and filing a notice of appeal to the Board per case.

g. The projected average amount of time each Plaintiff will spend preparing and filing a notice of appeal to the Board per case after the IFR becomes effective, and the basis for that projection.

h. The specific terms under which Plaintiffs receive funding from non-U.S. government entities, including:

   i. The amounts provided by each such source of funding to each Plaintiff;

   ii. Any conditions on the disbursement of funds (including any grant requirements, deliverables, or metrics dictating the amount disbursed) from any such source;

   iii. The kinds of metrics used to dictate the amount of any such funding, and the numerical values of those metrics since March 9, 2025;

   iv. Any conditions imposed on each Plaintiff's use of funding from each such source.

i. As to each Plaintiff, whether the Plaintiff has asked each of its non-U.S. government sources of funding whether the source would be willing to amend any terms dictating the funding to ensure the Plaintiff will not lose funding following implementation of the IFR; and if so, what those sources of funding have said in response.

j. As to each Plaintiff, whether the Plaintiff is able to obtain new funding to support its litigation activities following the IFR's effective date, whether the Plaintiff has investigated its ability to do so, any existing plans to obtain new funding, and any new funding that has been obtained since the publication of the IFR.

k. As to each Plaintiff, whether the Plaintiff has asked each of its law-firm partners whether the law firm would be unwilling or unable to represent Plaintiffs' clients in federal court; and if so, what those law firms have said in response.

l. As to each Plaintiff, the number of cases Plaintiff currently has in immigration court in which:

   i. The merits of an asylum claim are at issue; and

   ii. The merits of an asylum claim are not at issue.

m. As to each Plaintiff, the number of cases Plaintiff currently has before the Board in which:

   i. The merits of an asylum claim are at issue and the Plaintiff represented the client in immigration court;

   ii. The merits of an asylum claim are at issue and the Plaintiff did not represent the client in immigration court;

   iii. The merits of an asylum claim are not at issue and the Plaintiff represented the client in immigration court; and

iv. The merits of an asylum claim are not at issue and the Plaintiff did not represent the client in immigration court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 4, 2026.

DAREN MARGOLIN Digitally signed by DAREN MARGOLIN Date: 2026.03.04 10:51:07 -05'00'

**Daren K. Margolin**
Director
Executive Office for Immigration Review
U.S. Department of Justice