IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*,<br><br>    *Defendants*. | Case No. 1:26-cv-00696 (RDM)<br><br>Judge Randolph D. Moss |

**STATUS REPORT**

On March 9, 2026, the Court held a status conference and directed the parties to submit this joint status report to address the following issues: (1) Whether the Court could certify its March 8, 2025 Order, granting summary judgment in part and denying in part, as a final judgment under Fed. R. Civ. P. 54(b) as a final judgment as to Count I of Plaintiffs' Complaint; (2) whether and/or when the Executive Office for Immigration Review (EOIR) would provide a transcript upon appeal to the Board of Immigration Appeals under the operable portions of the Interim Final Rule (IFR); and (3) whether the Government is amenable to a stay of the provisions of the IFR which the Court found did not require notice and comment rulemaking as to detained *pro se* aliens seeking an appeal before the Board. Defendants have requested Plaintiffs' position on these questions but have not received it as of the time of this filing. Defendants now submit their position.

***Defendants' Position*:**

*First*, at this time, the Government has not made a determination whether to appeal this Court's March 8, 2026, order. If a determination is made to appeal, the Government reserves the

1

right to request that the Court convert its order into a final appealable order, and to consider briefing on how to do so, at that time.

*Second*, the IFR did not change the process by which transcripts of immigration court proceedings are made available to the parties on appeal before the Board. The IFR merely eliminated the requirement that immigration judges review transcripts of their oral decisions before adjudication of the appeal. *See Appellate Procedures for the Board of Immigration Appeals*, 91 Fed. Reg. 5,267, 5,273-74 (Feb. 6, 2026). Moreover, the IFR did not alter the procedure set forth in 8 C.F.R. § 1003.1(e)(3) which states, "[i]n any case that has not been summarily dismissed, the case management system shall arrange for the prompt completion of the record of proceeding and transcript, and the issuance of a briefing schedule, as appropriate." Consequently, parties to an appeal before the Board are provided transcripts in those same cases where transcripts were provided prior to the IFR.

*Finally*, with the benefit of having this Court's March 8, 2026, order, the Government does not plan to stay any portion of the IFR that this Court concluded to be "arguably procedural."

Dated: March 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

TYLER J. BECKER
*Counsel to the Assistant Attorney General*
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

<u>*/s/ Papu Sandhu*</u>
PAPU SANDHU (Mass. Bar No. 630090)
*Assistant Director*
Office of Immigration Litigation
(202) 616-9357
papu.sandhu@usdoj.gov

CHRISTOPHER IAN PRYBY
JOSHUA A. CLEM
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box. 868, Washington, DC 20044

*Attorneys for Defendants*