IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMICA CENTER FOR IMMIGRANT
RIGHTS *et al.*,

    *Plaintiffs*,

v.

EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW *et al.*,

    *Defendants*.

Case No. 1:26-cv-00696 (RDM)

**PLAINTIFFS' STATUS REPORT**

Plaintiffs respectfully submit their position on the Court's questions at the March 9, 2026 status conference and in response to Defendants' March 13, 2026 status report (ECF No. 37).

***Plaintiffs' position*:**

As to the first issue, given Defendants' position that they have not determined whether they intend to appeal and thus whether a final judgment under Fed. R. Civ. P. 54(b) is necessary, Plaintiffs' position is that nothing further is required by the Court at this time with respect to the issuance of a final judgment. Plaintiffs agree with Defendants that should that issue later ripen, the parties should address that issue at that time.

As to the second issue, Defendants' statement appears to confirm the parties' shared position that transcripts will continue to be produced as required prior to the issuance of the IFR pursuant to 8 C.F.R. § 1003.1(e)(3) ("In any case that has not been summarily dismissed, the case management system shall arrange for the prompt completion of the record of proceeding and transcript, and the issuance of a briefing schedule . . . ."). However, the Court did not vacate changes to 8 C.F.R. § 1003.3(c). See Opp. at 60-61. That regulation therefore states at present:

1

> For appeals of orders by an Immigration Judge **in which no transcript is warranted**, briefs shall be due simultaneously from both parties within 20 days of the Board order setting the schedule and in no case more than 35 days after the appeal was filed. For appeals of orders by an Immigration Judge in which a transcript is warranted, briefs shall be due simultaneously from both parties within 20 days of the Board order setting the schedule and making the transcript available.

(emphasis added). This text is in tension with, 8 C.F.R. § 1003.1(e)(3) insofar as that provision provides that in cases that are not summarily dismissed, transcripts and a record of proceeding "shall" be provided before a briefing schedule is set. Accordingly, the Court should clarify—to the extent that the IFR's changes to 8 C.F.R. § 1003(c) remain in effect—that that text does not supersede § 1003.1(e)(3) or provide new discretion for the agency to determine when transcripts are "warranted."

As to the third issue, the government's statement does not appear responsive. At oral argument, the government offered to "stay the rule as to pro se detained" noncitizens, acknowledging that the rule, and not just those portions the Court found to be substantive, causes irreparable harms to pro se detained individuals. *See* Tr., 3/6/26 92:19-13 ("I will say the Department has thought about this and would be willing to stay the rule as to pro se detained aliens as a result of the case. So if that's given the -- given those -- given some considerations, it's a relatively small portion of the -- that would be affected by this as well."). The government does not explain why the harm pro se detained individuals suffer from all provisions of the rule has changed since oral argument, and the Court should therefore hold the government to its representations made at oral argument.

Last, Plaintiffs raise two issues related to the government's compliance with the Court's order. Plaintiffs have learned from multiple immigration practitioners that, during the week of March 9, (1) immigration judges informed individuals that the appeal deadline is 10 days, (2) that the Executive Office for Immigration Review (EOIR)'s electronic system

2

(https://acis.eoir.justice.gov/en/) is showing a 10-day deadline in some, if not all, cases; and (3) the online version of the regulations on ecfr.gov shows the incorrect 10-day deadline. Plaintiffs raised issues (1) and (2) with Defendants at the status conference on Monday, March 9 and again after receiving Defendants' position in this status report on Thursday, March 12, at which point Plaintiffs discovered and raised issue (3). In response, on the morning of Friday, March 13, Defendants issued PM 26-02, signed by Defendant Margolin at 8:23 a.m., referencing "unconfirmed reports" that some IJs were informing parties of a 10-day appeal deadline, rather than the 30-day deadline from the status quo ante and ordered by this Court on March 8. Defendant Margolin's memo stated that in light of the Court's order, "no IJ should be informing either party that the appellate deadline for the Board is only 10 days, and all relevant IJ orders should reflect the correct deadline." *See* https://www.justice.gov/eoir/media/1431061/dl?inline ("PM 26-02"). The memo also referenced the issues Plaintiffs raised related to the Automated Case Information system (ACIS) reflecting the incorrect appeals deadline, noting that EOIR's Office of Information Technology "will update the ACIS website, if necessary, immediately." In response to (3), Defendants responded on Friday, March 13 that "the eCFR is outside of EOIR's control," that "it is [counsel's] understanding that DOJ does not control the website, either," and "EOIR said it has informed key personnel of the issue on the eCFR.gov site and will provide further information when available."

In light of the unresolved issues that Plaintiffs raised to Defendants on March 9 and 12, and Defendants' indication that EOIR did not take steps to comply with the Court's order until Director Margolin's March 13, 2026 memorandum—five days after this Court's order—Plaintiffs respectfully request that the Court direct Defendants to file on the docket any guidance DOJ sent to Defendants or internal guidance EOIR issued concerning compliance with the Court's order

after March 8 and before the issuance of PM 26-02. Plaintiffs are aware of none. In addition, Plaintiffs request that the Court direct Defendants to ensure that the eCFR be updated to reflect the extant regulations rather than those vacated by the Court's order, as soon as practicable. Even if eCFR is "outside of EOIR's control," Defendants can request the eCFR be corrected, especially given that the regulations should never have been changed to reflect provisions that were vacated *before* the Rule's effective date, and Defendants should therefore explain what corrective actions they have taken to resolve the issue.

Further, Plaintiffs request that the Court order Defendants to file a status report by Monday, March 16, 2026, that explains what corrective actions Defendants have taken to resolve each of the above-described compliance issues.

March 13, 2026

Respectfully submitted,

*/s/ Allyson R. Scher*

| | |
|---|---|
| Keren Zwick (D.D.C. Bar No. IL0055) | Erez Reuveni (D.D.C. Bar No. CA00244) |
| Mary Georgevich | Allyson R. Scher (D.C. Bar No. 1616379) |
| Maria E. Dambriunas* (D.C. Bar No. 1738154) | Catherine M.A. Carroll (D.C. Bar No. 497890) |
| Fizza Davwa** | Robin F. Thurston (D.C. Bar No. 1531399) |
| Nicole May | **DEMOCRACY FORWARD FOUNDATION** |
| **NATIONAL IMMIGRANT JUSTICE CENTER** | P.O. Box 34553 |
| 111 W. Jackson Blvd. Suite 800 | Washington, D.C. 20043 |
| Chicago, Illinois 60604 | ereuveni@democracyforward.org |
| kzwick@immigrantjustice.org | ascher@democracyforward.org |
| mgeorgevich@immigrantjustice.org | ccarroll@democracyforward.org |
| mdambriunas@immigrantjustice.org | rthurston@democracyforward.org |
| fdavwa@immigrantjustice.org | Phone: (202) 448-9090 |
| nmay@immigrantjustice.org | |
| Phone: (312) 660-1364 | Michelle Lapointe (D.C. Bar No. 90032063) |
| | Suchita Mathur (D.C. Bar No. 90013156) |
| * Application for admission to D.D.C. forthcoming | **AMERICAN IMMIGRATION COUNCIL** |
| | 2001 L Street, NW, Suite 500 |
| | Washington, D.C. 20036 |
| ** Application for admission *pro hac vice* forthcoming | mlapointe@immcouncil.org |
| | smathur@immcouncil.org |
| | Phone: (202) 507-7645 |

*Counsel for Plaintiffs*

4