**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED
MAILROOM

APR 2 1 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

Amica Center for Immigrant Rights,
et al.,

                Plaintiffs

v.

Executive Office for Immigration Review,
et al.,

                Defendants

Maria Dolores Navarro Martin,

                Intervenor

Civil Action No.: 1:26-CV-00696 (RDM)

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

APR 21 2026

RECEIVED

## Notice of Motion

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that upon the Motion herein, the certificate of service, the supporting affidavit of Maria Dolores Navarro Martin, the supporting Memorandum of points and authorities, the proposed Motion to Intervene, on all of the papers and records on file in this action, and submitted by the intervenor. The undersigned will move this Court at a motion part thereof, to be held in the United States District Court, for an order granting a Motion for Intervene and that intervenor is entitled to judgment as a matter of law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct original of the foregoing document has been furnished by U.S. Mail-postage prepaid to The Clerk of the Circuit court for the U.S. District Court for the District of Columbia at 333 Constitution Av. NW Room 1225, Washington DC. 20001. Further Certify that the served a copy of this document to the counsel for the Plaintiff Mary Georgevich, Amica Center for Immigrant Rights, 111 West Jackson Blvd. Suite 800 Chicago ILL. 60604; to the counsel for Defendants, Daren K. Margolin, at the Executive Office for Immigration Review - clerk's office, 5107 Leesburg Pike Suite 2000, Falls Church, VA 22041; to the U.S. Dpto of Justice, Pamela Bondi U.S. Attorney General at 950 Pennsylvania Av. NW. Washington Dc. 20530-0001; to the Immigration Court and United States Immigration Customs Enforcement ("DHS/ICE") at BTC, 3900 N. Powerline Rd. Pompano Beach Fl. 33073, and all the lawyers on record via e-filing court system, on this day April 14, 2026.

Respectfully Submitted:

Maria Dolores Navarro Martin
A#: 204984846
Broward Transitional Center
3900 N. Powerline Rd.
Pompano Beach Fl. 33073

1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED
MAILROOM

APR 21 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

| | |
|---|---|
| *Amica Center for Immigrant Rights,* et al., | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| *Executive Office for Immigration Review,* et al., | ) |
| | ) |
| Defendants | ) |
| | ) |
| *Maria Dolores Navarro Martin,* | ) |
| Intervenor | ) |

Civil Action No.: 1:26-CV-00696 (RDM)

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

APR 21 2026

RECEIVED

# MOTION TO INTERVENE
(Fed. R. Civ. P. 24)

**Relief Sought**

Maria Dolores Navarro Martin, ("Martin"), prose, moves this court for an order permitting her to intervene as a plaintiff in this action as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. on timely request of the proposed intervenor who can demonstrate (1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation, or in the alternative, allowing Maria Dolores Navarro Martin permissive intervention as a plaintiff in this matter under Rule 24(b) of the Federal Rules of Civil Procedure to prevent undue delay and prejudice to existing parties, or in the alternative both as a matter of right and permissive intervention under Rule 24 of the Federal Rules of Civil Procedure.

**Civil Contempt Claim Against the Government and its Employees**

By intervening in this action, Martin, seeks to assert that the DHS and the Immigration judge aid and abet the defendant BIA in the violation of the Amica's injunction and which is binding to

2

them as "aid and abet" despite of be non-parties to the action. Plaintiff claims a collateral relief set out in the attached Motion In Intervention to Punish for Civil Contempt, or to assert the defenses set out in the attached motion or its rights to obtain review for Civil Contempt concerning to the Amica's injunction, protected by this court's order dated March 8, 2026, for use in contempt of the case against the defendants in this action in the United States District Court for the District of Columbia, *Amica Ctr. For Immigrant Rts. v. Off. For Immigr. Rev.,* docket No.: 1:26-CV-00696 (RDM), decision rendered on March 8, 2026, and where accordingly, was ordered that the Interim Final Rule, Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267 (Feb. 6, 2026), is VACATE and SET ASIDE insofar as it: (3) deems any issue not raised in the Notice of Appeal from a decision of an Immigration judge waived; and it is further declared that the above identified provisions of the IFR are unlawful and unenforceable." Pursuant F.R.C.P. 62(d), the district court retained power to enforce its order by civil contempt proceedings.

**Grounds for Intervention**

**Intervention as of right:**

Maria Dolores Navarro Martin, is entitled to intervene in this action as a matter of right because:

1.     Martin is a female applicant for review and currently in appeal proceedings before defendants *Executive Office for Immigration Review ("BIA"),* and is therefore, "a person aggrieved", with the meaning of the Interim Final Rule, Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, in this action brought by the Amica Center for Immigrant Rights against Executive Office for Immigration Review.

2.     Therefore, Martin, has an unconditional right to intervene in this action as a plaintiff in this action, since that "in interests of judicial economy, class member was permitted to intervene as matter of right under Fed. R. Civ. P. 23(d) and Fed. R. Civ. P. 24(a) and permissively under Fed. R. Civ. P. 24(b) because it was apparent that proposed class representative and named plaintiff, who had settled her claims against defendant, could no longer adequately represent interests

upon the BIA docket case A#: 204984846, where the proposed class and members claims were similar to representatives claims and would not have prejudiced defendant, and the "Rule 71 permits nonparty in whose favor court order has been entered to seek contempt citation for violation of such order. Moreover, who were not parties to prior civil rights litigation held not precluded from challenging, as discriminatory, decisions made pursuant to prior litigation's consent decrees.

**Intervenor has qualifying interest in subject of action:**

1.    Martin has a legally protectable interest in the subject matter of this action. This action concerns "issues not raised in the Notice of Appeal from a decision of an Immigration judge and now deem waived." Martin has a direct, protectable interest in this action because a Motion for Reconsider, is pending before the BIA in Martin's BIA docket case A#: 204984846. The court should conclude that the BIA knew what conduct the court had prohibited. The court also should note that the BIA had voluntarily entered into the consent decree and were represented by attorneys. The court also should determine that nonparties in whose favor a court order was entered could sue to enforce the order.

2.    Martin's interests in the action will be substantially impaires or impeded of she is not allowed to intervene. In particular, the defendants could be held in contempt of the injunction, since that the challenged action of the nonparty was taken for the benefit of, or to assist, BIA subject to the decree in violating that decree, since that the "IFR eliminates portions of *§ 1003.5 requiring the preparation and review of those transcripts*" and its *"portions of § 1003.5 requiring the preparation and review of those transcripts"* and it actions were enjoined upon the Amica's injunction. If this obligation is established the BIA will be foreclosed, by the terms of this injunction, from challenging the validity of the transcription of the proceedings as *"requiring the preparation and review of those transcripts"* which transpired on June 9, 2025, as if its "deems any issue not raised in the Notice of Appeal from a decision of an Immigration judge" and are waived in any future action. The current defendant has, in fact, several valid defenses to this obligation that it has chosen not to assert and that will not be asserted in this action unless intervention is allowed.

3.    The existing parties in this action do not adequately represent Martin's interest in the action because, the defendant has a conflict of interest with Martin's case filed prose upon BIA docket case A#: 204984846. Martin was informed and believes that the plaintiff is not asserting the defense on Martin's case filed prose upon BIA docket case A#: 204984846 to the obligation because its filing had been prose regarding to other future dealings before the BIA.

**Permissive Intervention**

In the alternative, if Martin's motion for intervention as of right is denied, Martin should be allowed permissive intervention in this action because:

1. The Civil Contempt Claim against the Government and its Employees or defenses that Martin desires to assert in this action if permitted to intervene, share common questions of law and of facts. Specifically, this action concerns whether the application of the "IFR" in the instant case preventing *"the preparation and review of those transcripts"* which transpired on June 9, 2025; is contrary to law because it violates the INA in multiple ways; including the provisions relating to procedural rights and record keeping, id §§ 1229a(b)(4)(B), (b)(4)(C); and the provisions requiring "BIA's ability to conduct meaningful appellate review" id. § 1101(a)(47)). The question s posed by the Civil Contempt Claim against the Government and its Employees are sufficiently common to justify intervention because, the IFR modifies regulations regarding the record and transcript preparation, the existing regulations contemplate early preparation of the transcripts and the "record of proceeding." The "IFR" enjoined eliminates portions of *§ 1003.5* requiring the preparation and review of those transcripts, see *id at 5273*, and modifies *8 C.F.R. § 1003.1(e)(8)* to note that "the record" need only be "complete upon the earlier of either filing of the last brief or pleading or the passage of the last deadline for filing a brief or pleading" *id. at 5277"* and the Civil Contempt Claim against the Government and its Employees added by the intervenor go to the related question of whether these deviations from specification excuse the application of the injunction.

2. Judicial economy will be served by allowing intervention because all of the evidences on the Civil Contempt Claim is common to both the defenses asserted by the plaintiff and the proposed plaintiff-in-intervention concerning the validity of the injunction after the DHS's waiver of the

violation of the injunction proposed to the BIA proposed to be added by the intervenor would be duplicative and wasteful. In contrast, adding this issue to the current suit would not substantially delay the proceedings or the plaintiff's ultimate judgment, because the factual issues are identical, and only the legal rights that flow from the facts are disputed.

### Grounds for Granting of Motion

In addition to the grounds for intervention discussed above, the court should grant this motion to intervene because:

1. The motion for intervention was timely made. The motion was made as soon as the intervenor discovered that the DHS and the Immigration judge, in aid and abet of the defendants in the violation of the Amica's injunction, binding upon the BIA as a nonparty who has actual notice of an order and acts in concert with the enjoined party in this Civil Contempt Claim against the Government and its Employees, contrary to the representation that had been made to it by the defendant. This discovery was not made until the DHS on April 8, 2026 file a motion in opposition to the motion to reconsider before the BIA upon the case No.: A#: 204984846, stating that the injunction "HAS NO BEARING IN WHETHER THE BIA REQUIRES A COMPLETE AND ACCURATE TRANSCRIPT," knowing that was presented statements in the immigration court on March 16, 2026, alleging that "portions of the audio-records" were available and were concealed; to *"the preparation and review of those transcripts"* as was prevented by the injunction and until the Immigration judge on April 14, 2026, denied Martin's Motion to terminate alleging that the court should not be in contempt of the injunction, when the intervenor called to possible violations of the injunction.

2. This court has subject matter jurisdiction over all the Civil Contempt Claim against the Government and its Employees or defenses proposed to be added by Martin because, the jurisdiction of this court is protected by this court's order dated March 8, 2026, rendered in the United States District Court for the District of Columbia, in *Amica Ctr. For Immigrant Rts. v. Off. For Immigr. Rev.,* upon docket No.: 1:26-CV-00696 (RDM), and where accordingly, was ordered "the court shall retain jurisdiction over those claims (and the portions of Count I) not finally adjudicated by the court's opinion and this order," as to the use in contempt of the case

6

against the defendants in this action. The Court may permit party, over whom it may not ultimately have jurisdiction, to intervene, when appropriate under FRCP 24, to determine whether court has jurisdiction to decide claims involving intervening party. Therefore, if Martin is added as a party plaintiff-in-intervention in this action, there will be complete diversity of citizenship between the plaintiff and the defendants in dispute in this action.

3. Martin, has attached its proposed Motion for Contempt for violation of Preliminary Injunction to this motion, as required by Rule 24(c) of the Federal Ruled of Civil Procedures.

### Conclusion

Maria Dolores Navarro Martin, Prays to this court properly granted leave to intervene.

### Record on Motion

This Motion is based on this document, the Notice of Motion, the certificate of service, the supporting affidavit of Maria Dolores Navarro Martin, the supporting Memorandum of points and authorities, the proposed Motion for, on all of the papers and records on file in this action, and on whatever evidence and argument may be allowed at the hearing on this motion.

### OATH

7

**UNDER PENALTIES OF PERJURY**, I, Maria Dolores Navarro Martin, declare that I have read the foregoing document, and I Understand its content; this document is filed in good faith and is timely filed, I understand its content in English, has potential merit, and that facts contained in the documents are true and correct.

Date: April 14, 2026

Maria Dolores Navarro Martin
A#: 204984846
Broward Transitional Center
3900 N. Powerline Rd.
Pompano Beach Fl. 33073

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct original of the foregoing document has been furnished by U.S. Mail-postage prepaid to The Clerk of the Circuit court for the U.S. District Court for the District of Columbia at 333 Constitution Av. NW Room 1225, Washington DC. 20001. Further Certify that the served a copy of this document to the counsel for the Plaintiff Mary Georgevich, Amica Center for Immigrant Rights, 111 West Jackson Blvd. Suite 800 Chicago ILL. 60604; to the counsel for Defendants, Daren K. Margolin, at the *Executive Office for Immigration Review* - clerk's office, 5107 Leesburg Pike Suite 2000, Falls Church, VA 22041; to the U.S. Dpto of Justice, Pamela Bondi U.S. Attorney General at 950 Pennsylvania Av. NW. Washington Dc. 20530-0001; to the Immigration *Court and United States Immigration Customs Enforcement* ("DHS/ICE") at BTC, 3900 N. Powerline Rd. Pompano Beach Fl. 33073, and all the lawyers on record via e-filing court system, on this day April 14, 2026.

Respectfully Submitted:

Maria Dolores Navarro Martin
A#: 204984846
Broward Transitional Center
3900 N. Powerline Rd.
Pompano Beach Fl. 33073

## UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF COLUMBIA**

RECEIVED
MAILROOM

APR 2 1 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

| | |
|---|---|
| *Amica Center for Immigrant Rights,* et al., | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| *Executive Office for Immigration Review,* et al., | ) ) ) |
| Defendants | ) ) ) |
| *Maria Dolores Navarro Martin,* | ) ) |
| Intervenor | ) ) |

Civil Action No.: 1:26-CV-00696 (RDM)

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

APR 21 2026

RECEIVED

## Memorandum of points and authorities to the Motion to Intervene

### Grounds for Intervention

**Intervention as of right:**

Maria Dolores Navarro Martin, is entitled to intervene in this action a matter of right in the action pursuant to Fed. R. Civ. P. 24(a)(2), because:

1.  Martin is a female applicant for review and currently in appeal proceedings before defendants *Executive Office for Immigration Review ("BIA"),* and is therefore, "a person aggrieved", with the meaning of the Interim Final Rule, Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, in this action brought by the Amica Center for Immigrant Rights against Executive Office for Immigration Review, because the DHS sought a Motion in opposition in the BIA upon the case No.: A#: 204984846, that it had no obligation under the injunction, stating that the injunction: "HAS NO BEARING IN WHETHER THE BIA REQUIRES A COMPLETE AND ACCURATE TRANSCRIPT," seeking a judgment in her favor that it was not liable under the injunction. In the instant action, intervention is allowed if it "did not preclude intervention either with respect to the petitioner's presentation of evidence and argument in support of the Secretary's complaint" See *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10, 30 L. Ed. 2d 686, 92 S. Ct. 630 (1972). ("for purposes of Rule 24(a)(2), there was sufficient doubt about the adequacy of the Secretary's representation… remanded the case to the District Court with directions to allow limited intervention").

2.    Therefore, Martin, has an unconditional right to intervene in this action as a plaintiff in this action, since that "in interests of judicial economy, class member was permitted to intervene as matter of right under Fed. R. Civ. P. 23(d) and Fed. R. Civ. P. 24(a) and permissively under Fed. R. Civ. P. 24(b) because it was apparent that proposed class representative and named plaintiff, who had settled her claims against defendant, could no longer adequately represent interests upon the BIA docket case A#: 204984846, where the proposed class and members claims were similar to representatives claims and would not have prejudiced defendant, and the "Rule 71 permits nonparty in whose favor court order has been entered to seek contempt citation for violation of such order. *Ennels v. Alabama Inns Associates* 581 F Supp 708, (M.D. Ala. Mar. 16, 1984). Moreover, "who were not parties to prior civil rights litigation held not precluded from challenging, as discriminatory, decisions made pursuant to prior litigation's consent decrees" See *Martin v. Wilks,* 490 US 755, 109 SCT 2180, 104 LED2D 835 (1989).

**Intervenor has qualifying interest in subject of action:**

Plaintiff-in-intervention in this action may be granted as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure, on timely request of the proposed intervenor who can demonstrate:

<u>(1) Interest in the subject matter of the action:</u>

Martin has a legally protectable interest in the subject matter of this action. Martin has a significant interest in the stake; being free from physical detention is the "most elemental of liberty interest" *Hamdi v. Rumsfeld,* 542 U.S. 507 (2004). The DHS is depriving to Martin of be "free from physical detention" This action concerns "issues not raised in the Notice of Appeal from a decision of an Immigration judge and now deem waived." Martin has a direct, protectable interest in this action because a Motion for Reconsideration, is pending before the BIA in Martin's BIA docket case A#: 204984846. The court should conclude that the BIA knew what conduct the court had prohibited. The court also should note that the BIA had voluntarily entered into the consent decree and were represented by attorneys. The court also should determine that nonparties in whose favor a court order was entered could sue to enforce the order.

The Defendant's "factual" error is so severe that it establishes a due process violation, which this court could remedy since this court retain jurisdiction over criminal aliens' constitutional claims. *See" Kwock Jan Fat v. White,* 253 U.S. 454; 40 S. Ct. 566; 64 L. Ed. 1010 (1920) and Cf. *Chin Yow v. United States,* 208 U.S. 8; 28 S. Ct. 201; 52 L. Ed. 369 (1908) (holding that "deportation . . . on charges unsupported by any evidence is a denial of due process"). The intervenor has the right to present evidence and witnesses on her own behalf, 8 C.F.R. 236.2(a), 236.3(c)(3); to examine and object to adverse evidence, 8 C.F.R. 236.2(a); to cross-examine witnesses presented by the INS, 8 C.F.R. 236.2(a); to compel testimony of witnesses by subpoena, 8 C.F.R. 3.35; to a transcript and record of the entire proceeding, 8 C.F.R. 236.2(e);

and to administrative review, 8 C.F.R. 3.38, 236.7. The failure to grant such procedural safeguards as a hearing and the right of confrontation violated the due process requirements of the Fifth Amendment. "The Secretary had abused its power by not preserving a full record on which it had proceeded to judgment" *Kwock Jan Fat v. White,* 253 U.S. 454 (1920).

Martin has been wholly successful and now assert the right to the potentially preclusive effect of a default judgment, since that had been granted a default judgment on February 28, 2026 where succeed in the merits, alleging previous fraud on the court, rendered in the U.D. District Court Southern District of Florida, pursuant provision F.R. Civ. P. 60(b)(3) upon the case No.: 9:25-cv-81423-MD. [ECF No. 16], and finding previous fraud upon the underlying proceeding case No.: A-204984846, now before the BIA, as follows: "Example of previous fraud on the court(s) and deliberate scheme to directly subvert the judicial process:"

    i.    "Example of prior Judgment obtained for fraud under the case No.: A- 204984846, filed in the BIA of Immigration Appeals upon the Case RE: 204-984-846: the transcripts of the Master Hearing rendered on June 9, 2025 were spoliated by the Agency, and where the service fabricated evidence in which an attorney is implicated, whom made the false statements on the Master Hearing on June 9, 2025; rendered on June 9, 2025 by the judge Matthew O'Brien in the Immigration Court of Virginia, which was based upon the use of perjured evidence, finding that Martin conviction was: "for …Conspiration to Commit Witness Tampering". "Court reporter for Federal District Court held not absolutely immune from damages liability for failing to produce transcript of federal criminal trial" Antoine v. Byers & Anderson, Inc. 508 US 429 113 SCT 2167, 124 LED2D 391 (1993)"

    ii.    "Record on Motion: This Motion is based on this document, on the Attached affidavit and Martin's Brief of Maria Dolores Navarro Martin, on the Supporting Memorandum of Points and Authorities, on all of the Pleadings and Papers on file in this action, and on whatever and argument may be allowed at a hearing on this motion."

Intervenor, assert the right to the potentially preclusive effect of a default judgment. The "Record on Motion" was based on this document" that had been taken as true. "The effect of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true" *10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Civil* 2688.1 (4th ed. 2022) (emphasis added). See also *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir.1987) ("The effect of a default judgment is that the DHS admits Martin well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established").

Therefore, under the Law of the case doctrine, it "is a judgment obtained directly by fraud, the court will not go again into the merits of an action for the purpose of detecting and annulling the Fraud, fraud is infinite, and were courts of equity once to lay down rules how far they would

go and no further, in extending their relief against it, or to define strictly the species or evidence of it, the jurisdiction would be cramped and perpetually eluded by new schemes which the fertility of man's invention would contrive." Cf. *United States v. Throckmorton*, 98 US 61, 25 L ed 93.   . *See Shawkee Mfg. Co. v. Hartford-Empire Co.* 322 US 271, 88 L ed 1269, 64 S Ct 1014(1944) ("The prayer for relief... was that the court adjudge that... did not come into court with clean hands, and that they be fully freed from further obligations under the judgments against them.  This relief should be granted"). Moreover, the defendants are in contempt in aid and abet of the DHS in the violation of the Amica's injunction, and who "has acted fraudulently, or by deceit or unfair means has gained an unfair advantage, by resort to the unclean hands doctrine. *See Keystone Driller Co. v. General Excavator Co.* 290 US 240, 78 L ed 293, 54 S Ct 146

### Duty to Preserve

The DHS violated plaintiff's U.S. Const. amend. IV, VIII rights because the DHS did not preserve relevant evidence, as her transcripts, passport and Birth Certificate. "A Fourth Amendment seizure takes place when there is some meaningful interference with an individual's possessory interests in that property." *Soldal vs. Cook Cty.*, 506 U.S. 56, 60, 113 S. Ct. 538, 121 L. Ed. 2d 450 (1992) (internal quotation marks omitted). DHS "have no authority that it can both seize and retain a passport for a person who has been placed in removal proceedings" See *Ishola vs. Ayala*, 2016 U.S. Dist. LEXIS 92802, Case No. 16 C 1906 (N.D. ILL. 2016), and "violated the due process clause of the Fourteenth Amendment insofar as they denied the right to a prior opportunity to be heard before chattels were taken from their possessor" *Fuentes v. Shevin*, 407 U.S. 67, 96-97, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972).

"It is grounded in the common law 'duty to preserve relevant information when litigation is reasonably foreseeable.'" *Johns v. Gwinn*, 503 F. Supp. 3d 452, 462 (W.D. Va. 2020) (Moon, J.) *accord Steves & Sons.*, 327 F.R.D. at 104 ("This traditional spoliation analysis is similar to the Rule 37(e) framework, as it asks whether the responsible party had a duty to preserve, and breached that duty by failing to take reasonable steps to preserve."). "Its actions are judged according to the so-called 'Good Samaritan' doctrine... under this doctrine, a defendant becomes liable for breach of a duty voluntarily assumed by affirmative conduct, even when that assumption of duty was gratuitous." Id. (citing *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S. Ct. 122, 100 L. Ed. 48 (1955)). See also *Sines V. Kessler*, 2021 U.S. Dist. LEXIS 204142, Civil Action No. 3:17-cv-00072 (W.D. Va. 2021), as Martin established that she was entitled to sanctions. *See also Mathews*, 424 U.S. at 333 ("Some form of hearing is required before an individual is finally deprived of a property interest").

Moreover, the private interest at issue here is "fundamental": freedom from imprisonment is at the "core of the liberty protected by the Due Process Clause." *Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1992) (regarding involuntary commitment).  That is beyond dispute.

**(2) The risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards:**

## Loss & Replaceability

The challenge procedures creates a risk of erroneous deprivation of individual's private rights. This court would concludes that the "DHS's deceptive conduct that prevent to Martin from even knowing that she has been defrauded" creates a substantial risk of erroneous deprivation of detainee's interest in being free from arbitrary confinement. Therefore, this factor also favors granting the motion, as follows:

- On June 12, 2025; Martin discovered the first DHS's deceptive conduct that prevent to Martin from even knowing that she has been defrauded. The Order of removal stated that Martin was convicted of a predicate crime, upon an offense for "Conspiration to Commit Witness Tampering." The DHS Knew that the statements have were false, and cannot show "clear and convincing" that the petitioner was convicted for "Conspiration to Commit Witness Tampering.

- On October 7, 2025, Martin discovered the second DHS's deceptive conduct that prevent to Martin from even knowing that she has been defrauded, upon an opposed Motion to Remand filed in the BIA, due to lack of transcripts of the hearing which transpired on June 9, 2025. Knowing that the transcripts of the hearing denying the application for cancellation of removal which transpired on March 13, 2025, were available, depriving judicial review to her application of cancellation of removal. The DHS deprived Martin of Factual information, such as summaries of interviews and records containing personnel data and summaries of individuals' performance evaluations, does not fall under the deliberative process privilege when it is merely used during the deliberative process and does not reflect the deliberative process itself. Agencies must disclose those portions of predecisional and deliberative documents that contain factual information that does not inevitably reveal the government's deliberations.

- On March 16, 2026, Martin discovered the third DHS's deceptive conduct that prevent to Martin from even knowing that she has been defrauded, when the DHS stated in the Hearing rendered before the Immigration judge that "portions" of the audio-record were available, which the allegation gave by the DHS in the Motion to remand the case filed on the BIA on October 7, 2025, were false.

Under the Freedom of Information Act (FOIA), 5 U.S.C.S. 552 et seq., Martin, showed likelihood of irreparable injury and would succeed on the merits of her FOIA claim. See *Martins v. United States Citizenship & Immigration Servs.*, 962 F. Supp. 2d 1106 (N.D. Cal. 2013). ("Under the Freedom of Information Act (FOIA), 5 U.S.C.S. 552 et seq., seeking the interview

notes taken by asylum officers when they interviewed (Martin)...showed a likelihood that she would succeed on the merits of her FOIA claim as the deliberative process privilege did not apply... and showed likelihood of irreparable injury"). Moreover, "The BIA abused its discretion in granting DHS's motion to remand because the documents proffered by DHS were previously available and could have been discovered and presented at her prior hearing" See *Sakhawati v. Lynch*, 823 F.3d 852, 857 (6th Cir. 2016). The Transcripts of the hearing denying the application for Cancellation of removal which transpired on March 13, 2025, were available. The board failed to apply the correct standard of proof when it evaluated petitioner's claim for Cancellation of removal, and because no substantial evidence supported the board's finding that lacked of record or transcripts of the hearing denying the application for Cancellation of removal which transpired on March 13, 2025."The alien was effectively denied a reasonable opportunity to present evidence in response to the DHS's motion to pretermit his cancellation of removal application... he was prejudiced when he was denied the opportunity to create a full and clear record" See *Jaimez-Perez v. Attorney Gen. of U.S.*, 563 F. App'x 136, 137, n.1 (3d Cir. 2014) (unpublished) (emphasis added).

DHS's Violations of the FOIA's requirements are arbitrary, capricious, an Abuse of Discretion, or otherwise not in accordance with Law. This is sufficient to show that Respondent's passport stored on DHS a facility was destroyed and is both lost and irreplaceable. *See, id. R.4* DHS's failure to make a substantive response to a request for Respondent's records and passport, is an ongoing unlawful withholding of records in violation of the Freedom of Information Act, 5 U.S.C.S. § 552, as amended ("FOIA") and under the Administrative Procedure Act, 5 U.S.C.S. §§ 701-706 ("APA"), as established also by *Commissioner v. Shapiro*, 424 U. S. 614, 629, 96 S. Ct. 1062, 47 L. Ed. 2d 278 (1976) ("nevertheless the government was required to disclose facts in its sole possession through discovery... an injunction could be obtained if it was clear that under no circumstances could the government ultimately prevail"). "The transcripts at issue in this case qualify as "official documents" under 1003.1(d)(3)(iv)... an "official document" under 1003.1(d)(3)(iv) that the BIA had to consider in adjudicating a... claim" See *Enriquez-Gutierrez v. Holder*, 612 F.3d 400 (5th Cir. 2010). The BIA erroneously overstated the scope of the stipulation reached in those proceedings." See also *Kwock Jan Fat v. White*, 253 U.S. 454; 40 S. Ct. 566; 64 L. Ed. 1010 (1920) ("The Secretary had abused its power by not preserving a full record on which it had proceeded to judgment").

This Court will find intent when the evidence shows or it is reasonable to infer, that the party purposefully destroyed evidence to avoid its litigation obligations. See *In re Cathode Ray Tube CRT Antitrust Litig.*, 2024 U.S. Dist. LEXIS 212453, case No. 4:07-cv-5944-JST; MDL No.1917 (D. Cal. May 14, 2024) ("Intent may be evidenced by a party's deliberate disobedience of a court order. *Facebook*, at * 8; *see also John v County of Lake*, 2020 WL 3630391 at *7 (ND Cal July 3, 2020) (intent was clear when defendants blatantly defied a detailed, explicit court order). There is no requirement that the court find prejudice to the non-spoliating party").

14

"A party who is wholly successful… is entitled to intervene in Court of Appeals proceedings for review or enforcement of the Board's order" *Automobile Workers* v. *Scofield,* 382 U. S. 205, 217, n. 10, 86 S. Ct. 373, 15 L. Ed. 2d 272 ("including the legal ``interest'' that a party seeks to ``protect'' through intervention on appeal, Fed. Rule Civ. Proc. 24(a)(2)"). And possess "a legitimate interest in the continued enforcement of their own statutes" Cameron v. EMW Women's Surgical Center, P. S. C., 595 U.S. 267; 142 S. Ct. 1002; 212 L. Ed. 2d 114 (2022).

### (2) That the protection of this interest would be impaired because of the action:

Martin's interests in the action will be substantially impaires or impeded of she is not allowed to intervene being a person aggrieved by the violation of the injunction rendered in the above-styled case, and who has "an unconditional right to intervene." In Hovey v. Elliot, 167 U.S. 409, 17 S. Ct. 841, 42 L. Ed. 215, it was held that a court did not have the right to strike from the files the answer of a party in contempt and to condemn her without a hearing See also, *Deauville Associates, Inc. v. Eristavi*-Tchitcherine 173 F.2d 745 (5th Cir. Fla. Apr. 4, 1949) ("Petitioner could intervene in action even though his interest in action had been obtained from parties who violated injunction of court since their punishment for contempt did not affect him").

In particular, the defendants could be held in contempt of the injunction, since that the challenged action of the nonparty was taken for the benefit of, or to assist, BIA subject to the decree in violating that decree, since that the "IFR eliminates portions of *§ 1003.5* requiring the preparation and review of those transcripts" and its *"portions of § 1003.5 requiring the preparation and review of those transcripts"* and it actions were enjoined upon the Amica's injunction. If this obligation is established the BIA will be foreclosed, by the terms of this injunction, from challenging the validity of the transcription of the proceedings as *"requiring the preparation and review of those transcripts"* which transpired on June 9, 2025, as if its "deems any issue not raised in the Notice of Appeal from a decision of an Immigration judge" and are waived in any future action. The current defendant has, in fact, several valid defenses to this obligation that it has chosen not to assert and that will not be asserted in this action unless intervention is allowed.

### (3) That the applicant's interest is not adequately represented by existing parties to the litigation, or in the alternative:

The existing parties in this action do not adequately represent Martin's interest in the action because, the defendant has a conflict of interest with Martin's case filed prose upon BIA docket case A#: 204984846. Martin was informed and believes that the plaintiff is not asserting the defense on Martin's case filed prose upon BIA docket case A#: 204984846 to the obligation because its filing had been prose regarding to other future dealings before the BIA.

Concerning Rule 24(a)(2)'s third requirement, It promises intervention to those who bear an interest that may be practically impaired or impeded ``unless existing parties adequately represent that same interest." See, e.g., Trbovich v. Mine Workers, 404 U.S. 528, 92 S. Ct. 630, 30 L. Ed. 2d 686. Some lower courts have suggested that a presumption of adequate representation remains appropriate in certain classes of cases. But even taken on their own terms, none of these presumptions applies to cases like this one. For instance, some lower courts have adopted a presumption of adequate representation in cases where a movant's interests are identical to those of an existing party. But even the Board concedes that this presumption applies only when interests fully overlap. In the instant case, where ``the absentee's interest is similar to, but not identical with, that of one of the parties," that normally is not enough to trigger a presumption of adequate representation. 7C Wright & Miller 1909. And again, a presumption like should be rejected upon the plaintiff suggestion that she should be presumed an adequate representative on Martin's interests of her case before the BIA. In cases like ours, plaintiff may pursue ``related" interests, but they cannot be fairly presumed to bear ``identical" ones to Martin's case before the BIA. Trbovich, 404 U.S., at 538, 92 S. Ct. 630, 30 L. Ed. 2d 686. (quoting Berger v. N.C. State Conf. of the NAACP, 142 S. Ct. 577, 211 L. Ed. 2d 360 (2021)).

**Permissive Intervention**

In the alternative, if Martin's motion for intervention as of right is denied, Martin should be allowed permissive intervention in this action because:

1. The Civil Contempt Claim against the Government and its Employees or defenses that Martin desires to assert in this action if permitted to intervene, share common questions of law and of facts. Specifically, this action concerns whether the application of the "IFR" in the instant case preventing *"the preparation and review of those transcripts"* which transpired on June 9, 2025; is contrary to law because it violates the INA in multiple ways; including the provisions relating to procedural rights and record keeping, id §§ 1229a(b)(4)(B), (b)(4)(C); and the provisions requiring "BIA's ability to conduct meaningful appellate review" id. § 1101(a)(47)). The question s posed by the Civil Contempt Claim against the Government and its Employees are sufficiently common to justify intervention because, the IFR modifies regulations regarding the record and transcript preparation, the existing regulations contemplate early preparation of the transcripts and the "record of proceeding." The "IFR" enjoined eliminates portions of *§ 1003.5* requiring the preparation and review of those transcripts, see *id at 5273*, and modifies *8 C.F.R. § 1003.1(e)(8)* to note that "the record" need only be "complete upon the earlier of either filing of the last brief or pleading or the passage of the last deadline for filing a brief or pleading" *id. at 5277"* and the Civil Contempt Claim against the Government and its Employees added by the intervenor go to the related question of whether these deviations from specification excuse the application of the injunction.

16

2. Judicial economy will be served by allowing intervention because all of the evidences on the Civil Contempt Claim is common to both the defenses asserted by the plaintiff and the proposed plaintiff-in-intervention concerning the validity of the injunction after the DHS's waiver of the violation of the injunction proposed to the BIA proposed to be added by the intervenor would be duplicative and wasteful. In contrast, adding this issue to the current suit would not substantially delay the proceedings or the plaintiff's ultimate judgment, because the factual issues are identical, and only the legal rights that flow from the facts are disputed.

### Grounds for Granting of Motion

In addition to the grounds for intervention discussed above, the court should grant this motion to intervene because:

1. The motion for intervention was timely made. The motion was made as soon as the intervenor discovered that the DHS and the Immigration judge, in aid and abet the defendant in the violation of the Amica's injunction, binding upon the BIA as a nonparty who has actual notice of an order and acts in concert with the enjoined party in this Civil Contempt Claim against the Government and its Employees, contrary to the representation that had been made to it by the defendant. This discovery was not made until the DHS on April 8, 2026 file a motion in opposition to the motion to reconsider before the BIA upon the case No.: A#: 204984846, stating that the injunction "HAS NO BEARING IN WHETHER THE BIA REQUIRES A COMPLETE AND ACCURATE TRANSCRIPT," knowing that was presented statements in the immigration court on March 16, 2026, alleging that "portions of the audio-records" were available and were concealed; to *the preparation and review of those transcripts* as was prevented by the injunction and until the Immigration judge on April 14, 2026, denied Martin's Motion to terminate alleging that the court should not be in contempt of the injunction, when the intervenor called to possible violations of the injunction.

2. This court has subject matter jurisdiction over all the Civil Contempt Claim against the Government and its Employees or defenses proposed to be added by Martin because, the jurisdiction of this court is protected by this court's order dated March 8, 2026, rendered in the United States District Court for the District of Columbia, in *Amica Ctr. For Immigrant Rts. v. Off. For Immigr. Rev.,* upon docket No.: 1:26-CV-00696 (RDM), and where accordingly, was ordered "the court shall retain jurisdiction over those claims (and the portions of Count I) not finally adjudicated by the court's opinion and this order," as to the use in contempt of the case against the defendants in this action. See also *Miami Tribe of Okla. v. Walden*, 206 F.R.D. 238, 241 (S.D. Ill. 2001) ("The Court may permit party, over whom it may not ultimately have jurisdiction, to intervene, when appropriate under FRCP 24, to determine whether court has jurisdiction to decide claims involving intervening party"). Therefore, if Martin is added as a

party plaintiff-in-intervention in this action, there will be complete diversity of citizenship between the plaintiff and the defendants in dispute in this action.

Pursuant to 8 U.S.C. 1252(a)(2)(D) provides that jurisdiction is expressly retained for reviewing courts to address constitutional claims and questions of law, to review final orders of deportation rendered by the Board of Immigration Appeals, and is vested in this United States Courts of Appeal. Petitioner exhausted her administrative remedies by appealing the decision of the Immigration Judge.

In defining the appropriate standard of review for final administrative orders and decisions, courts have distinguished between conclusions of law and findings of fact. Conclusions of law are generally reviewed *de novo*. See *Quintero v. Garland*, 998 F.3d 612, 631 (4th Cir. 2021) ("reviewed *de novo*…exact-delineation requirement was inapplicable to pro se asylum seekers and could not be enforced…as a result of an immigration judge's failure to develop the record"). See also *Tassi v. Holder*, 660 F.3d 710, 719 (4th Cir. 2011) ("reviewed *de novo*…The IJ…erroneously suggested that corroborative evidence required further corroboration"). However, the interpretation of a statute by an agency charged with its enforcement is entitled to deference. *See* Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). However, whenever such interpretations are inconsistent with the statutory language or legislative intent, they should be rejected. See *Ramirez v. Sessions,* 887 F.3d 693 (9th. Cir. 2018) ("The court did not owe Chevron deference to the BIA's decision that the alien's conviction for obstruction of justice"). See also, *Moncrieffe v. Holder*, 569 U.S. 184 (2013).

In Woodby v. INS, 385 U.S. 276 (1966), the Supreme Court explicitly acknowledged the tremendous hardship that deportation visits upon alien residents. This Court has not closed its eyes to the drastic deprivations that may follow when a resident of this country is compelled by our Government to forsake all the bonds formed here and go to a foreign land where he often has no contemporary identification. 385 U.S. at 285. As a consequence, the Court held that "deportation orders could not be entered unless the government established by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation were true" Id. at 286.

As a further amelioration of the hardship imposed by deportation, the Supreme Court has held that aliens should be accorded the benefit of the doubt whenever issues of statutory interpretation arise. *See* Barber v. Gonzales, 347 U.S. 637, 642 (1954); Fong Haw Tan v. Phelan, 333 U.S. 6 (1948) (any doubt in the interpretation of the statute must be resolved in favor of the alien because of the drastic consequences of deportation.). Applications for asylum merit even closer scrutiny due to the comparative levels of danger and hardship faced by the applicants.

## A. Standard of Review

Whether the BIA or the IJ applied the proper legal standard is a question of law subject to de

novo review. *See Perez Vasquez v. Garland*, 4 F.4th 213, 221 (4th Cir. 2021). Findings of fact are reviewed for substantial evidence on the record. *See, e.g.*, Melendez v. United States Dept of Justice, 926 F.2d 211, 216-219 (2d Cir. 1991).

The APA provides that, "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 706 of the APA states that the reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "A claim under 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64, 124 S. Ct. 2373, 159 L. Ed. 2d 137, (2004) (emphasis in original). This Courts have jurisdiction under the APA to hear claims brought against an agency for unreasonable delay so long as judicial review is not precluded by statute and agency action is not committed to agency discretion by law. 5 U.S.C. 701(a)(1), (2); *see Asheville Tobacco Bd. of Trade, Inc. v. Fed. Trade Comm'n*, 294 F.2d 619, 627 (4th Cir. 1961).

## B. Statutory Grant of Discretion

The APA establishes a ``basic presumption of judicial review [for] one 'suffering legal wrong because of agency action.'" *Abbott Laboratories* v. *Gardner*, 387 U.S. 136, 140, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967) (quoting 702). Where the statutes or regulations at issue in a case "are drawn in such broad terms that . . . there is no law to apply," courts have "no meaningful standard against which to judge the agency's exercise of discretion." *Salazar v. King*, 822 F.3d 61, 76 (2d Cir. 2016); "To determine whether there is 'law to apply' that provides 'judicially manageable standards' for judging an agency's exercise of discretion, the courts look to the statutory text, the agency's regulations, and informal agency guidance that govern the agency's challenged action." *Salazar*, 822 F.3d at 76. In the instant case "there is no law to apply" under the Statute of convictions. 914.22(1)(a) Fla. Stat. declared "Unconstitutional Vague" as established by the Florida Supreme Court on under State v Cohen, 568 So.2d 49 (Fla. 1990). The Attorney General "lack of clear statutory authority" See *City of Chicago v. Barr*, 961 F.3d 882, 2020 U.S. App. LEXIS 13882 (7th Cir. Ill., Apr. 30, 2020) ("the Attorney General has no authority to demand compliance with Section…, hereby deemed unconstitutional…Attorney General did not have authority to impose immigration notice, access, and compliance reporting conditions").

The lack of clear statutory authority granting DHS discretion to delay indefinitely the adjudication of a Cancellation of Removal petition coupled with USCIS's very own rulemaking and guidance regarding the importance of swift adjudication compels this court to conclude that the pace at which USCIS adjudicates Cancellation of Removal is not barred from judicial review under section 701(a). Furthermore, the Supreme Court has held that section 1252(a)(2)(B)(ii) bars court review of discretionary decisions "only when Congress itself set out the Attorney General's discretionary authority in the statute"; the clause does not bar judicial review of

decisions made discretionary by regulation. *Kucana v. Holder*, 558 U.S. 233, (2010) at 246-47. In other words, an agency cannot by regulation give itself discretion that Congress did not authorize. See also Wilkinson v. Garland, 601 U.S. 209, 144 S. Ct. 780, 218 L. Ed. 2d 140 (2024) ("Section 1252(a)(2)(D) provides that a court of appeals may consider final orders of removal via petitions raising ``constitutional claims or questions of law.... the hardship determination under 8 U.S.C.S. 1229b(b)(1)(D) was not discretionary" *See also Guerrero-Lasprilla,* 589 U.S. 221; 140 S. Ct. 1062; 206 L. Ed. 2d 271(2020)(phrase ``questions of law'' for matters allowed in provision limiting review (8 U.S.C.S. 1252(a)(2)(D)) included application of legal standard to undisputed or established facts").

Petitioner has a liberty interest in cancellation of removal because it isn't a discretionary form of relief and thus also requires this court to review the Petitioner's due process claim. In this case, Congress has allowed aliens to apply for cancellation of removal and established specific criteria the Attorney General must find in order to grant such cancellation, in his discretion. 8 U.S.C. 1229b. Congress has established a procedure by which an immigration judge decides applications for relief from removal such as cancellation of removal. During these proceedings, relevant to the Petitioner's complaint in this case, "a complete record shall be kept of all testimony and evidence produced at the proceeding." *Id.* 1229a(b)(4)(C); *see also* 8 C.F.R. 1240.9. These procedures give an alien a right to apply for cancellation of removal and present evidence to substantiate his or her claim. *See Accardi*, 347 U.S. at 268; *Haitian Refugee Ctr.*, 676 F.2d at 1037-39; Surely, were the Attorney General to decide applications arbitrarily rather that in conformity with the process Congress has provided-say, by denying any application submitted on record and with a full transcript to review by the BIA and denying review by DHS's Motion arguing lack of transcripts, would not say this comports with due process.

Moreover, "Jurisdictional bar in 8 U.S.C.S. 1252(a)(2)(C) did not apply to bar BIA decision to return the record, granting DHS's Motion to Remand to the reconsideration of a prior removal order because petitioner here asked the court to consider a factual challenge that could not affect the validity of the final order of removal; *See Williams v. Garland*, 59 F.4th 620 (4th Cir. 2022). Plaintiff met her burden in demonstrating by a preponderance of the evidence that subject matter jurisdiction exists to evaluate her claim under the APA.

Defendant's published factors listed in the Federal Register Notice and on the Special Alert Adjudicators Field Manual Incorporated in USCIS Policy Manual website provide law to apply and meaningful standards against which to judge the agency's exercise of discretion. Defendant's enumerated factors, are a "general policy," *Salazar v. King*, 822 F.3d 61 (2th Cir. 2016) at 76 that governs how the agency exercises its discretion to disqualify individuals from Forwarding of record on appeal. *8 CFR 1003.5*. A preliminary injunction was granted in *Centro Legal de la Raza v. Exec. Office for Immigration Review,* 2021 U.S. Dist. LEXIS 46050, to enjoin the implementing and enforcing of the rule at 85 Fed. Reg. 81588, December 16, 2020, which amended this section. Particularly given the well-established "strong presumption favoring

20

judicial review of administrative action," id. at 75 (citing *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 486, 135 S. Ct. 1645, 191 L. Ed. 2d 607 (2015)), the Court  should concludes that Defendant's motion to remand to the IJ under the APA must be denied.

For these reasons, the court will finds it has jurisdiction to consider Plaintiffs' APA claim regarding USCIS's failure to adjudicate her Cancellation of Removal petition. See, e.g., *Martinez v. Sessions*, 892 F.3d 655, 658 (4th Cir. 2018) (analyzing, on a petition for review, whether an alien's prior convictions were crimes involving moral turpitude... cancellation of removal was warranted"). See also *Oliva-Ramos v. AG of the United States*, 694 F.3d 259, 2012 U.S. App. LEXIS 19219 (3d Cir. 2012). ("Where the Board of Immigration Appeals (BIA) issued its own opinion, the appellate court reviews its decision rather than that of the Immigration Judge (IJ). Where the BIA's opinion directly states that the BIA is deferring to the IJ, or invokes specific aspects of the IJ's analysis and factfinding in support of the BIA's conclusions, the appellate court reviews both the BIA and IJ decisions.")

This Court have jurisdiction under the APA to hear claims brought against an agency for unreasonable delay so long as judicial review is not precluded by statute and agency action is not committed to agency discretion by law. 5 U.S.C. 701(a)(1), (2); A claim under 5 U.S.C. § 706(1) can proceed where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take. This Court has jurisdiction under the APA 5 U.S.C. § 701-706 et.seq.

3. Martin, has attached its proposed Motion for Contempt for violation of Preliminary Injunction to this motion, as required by Rule 24(c) of the Federal Ruled of Civil Procedures.

### Conclusion

Maria Dolores Navarro Martin, Prays to this court properly granted leave to intervene.

### Record on Motion

This Memorandum of points and authorities is based on this document, the Notice of Motion, the certificate of service, the supporting affidavit of Maria Dolores Navarro Martin, the supporting Motion to Intervene and authorities, the proposed Motion for Intervene, on all of the papers and records on file in this action, and on whatever evidence and argument may be allowed at the hearing on this motion.

### OATH

21

**UNDER PENALTIES OF PERJURY,** I, Maria Dolores Navarro Martin, declare that I have read the foregoing document, and I Understand its content; this document is filed in good faith and is timely filed, I understand its content in English, has potential merit, and that facts contained in the documents are true and correct.

Date: April 14, 2026

Maria Dolores Navarro Martin
A#: 204984846
Broward Transitional Center
3900 N. Powerline Rd.
Pompano Beach Fl. 33073

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct original of the foregoing document has been furnished by U.S. Mail-postage prepaid to The Clerk of the Circuit court for the U.S. District Court for the District of Columbia at 333 Constitution Av. NW Room 1225, Washington DC. 20001. Further Certify that the served a copy of this document to the counsel for the Plaintiff Mary Georgevich, Amica Center for Immigrant Rights, 111 West Jackson Blvd. Suite 800 Chicago ILL. 60604; to the counsel for Defendants, Daren K. Margolin, at the *Executive Office for Immigration Review* - clerk's office, 5107 Leesburg Pike Suite 2000, Falls Church, VA 22041; to the U.S. Dpto of Justice, Pamela Bondi U.S. Attorney General at 950 Pennsylvania Av. NW. Washington Dc. 20530-0001; to the Immigration *Court and United States Immigration Customs Enforcement* ("DHS/ICE") at BTC, 3900 N. Powerline Rd. Pompano Beach Fl. 33073, and all the lawyers on record via e-filing court system, on this day April 14, 2026.

Respectfully Submitted:

Maria Dolores Navarro Martin
A#: 204984846
Broward Transitional Center
3900 N. Powerline Rd.
Pompano Beach Fl. 33073

## AFFIDAVIT IN SUPPORT OF THE MOTION FOR INTERVENE

## AFFIDAVIT OF MARIA DOLORES NAVARRO MARTIN

**State of Florida**
**County of Broward**

Maria Dolores Navarro Martin, deposes and says:

1.   My name is Maria Dolores Navarro Martin. I am over 18 years of age, I reside at Broward Transitional Center of Florida, 3900 N. Powerline Rd. Pompano Beach Fl. 33073. I am fully competent to make this affidavit and I have personal knowledge of the facts stated in this affidavit. To my knowledge, all of the facts stated in this affidavit are true and correct.

2.   I am the intervenor for third-party plaintiff and an independent witness in this matter. I make this affidavit in Support of the Motion for Intervene.

3.   I am requesting be an intervenor party in the action, *Amica Ctr. For Immigrant Rts. v. Off. For Immigr. Rev.,* No.: 1:26-CV-00696 (RDM), 2026 LX 169330, 2026 WL 662494 (D.D.C. Decision on March 8, 2026); a decision where the BIA was restrained of applying the rule "IFR."

4.   On April 8, 2025 and April 14, 2025, I personally received a copy of that DHS' motion in response and Immigration Court order served on the defendants and service was accomplished in my presence on that date.

5.   The Defendant Executive Office for Immigration Review, is in violation of that order rendered on *Amica Ctr. For Immigrant Rts. v. Off. For Immigr. Rev.,* No.: 1:26-CV-00696 (RDM), 2026 LX 169330, 2026 WL 662494 (D.D.C. Decision on March 8, 2026); by contumacious conduct by aid and abet of the DHS and in the Immigration judge, depriving the intervenor of *"the preparation and review of those transcripts"* which transpired on June 9, 2025, to be executed and filed before the BIA. The court can view that the BIA's decision applying the rule "IFR" in my case, upon the BIA case No.: A-204984846, was arbitrary and capricious, unsupported by substantial the evidence and in violation of the injunction, and is attached to the Supporting Documents to Motion for Contempt for violation of Preliminary Injunction, show that the contempt by aid and abet of the DHS and in the Immigration judge, depriving the intervenor of *"the preparation and review of those transcripts"* are in violation of the injunction rendered by this court, as described upon the Memorandum of points and authorities to Motion for Intervene.

I signed this affidavit on April 14, 2026 at Broward Transitional Center, 3900 N. Powerline Rd. Pompano Beach Fl. 33073.

## OATH

23

## OATH

**UNDER PENALTIES OF PERJURY**, I, Maria Dolores Navarro Martin, declare that I have read the foregoing document, and I Understand its content; this document is filed in good faith and is timely filed, I understand its content in English, has potential merit, and that facts contained in the documents are true and correct.

Date: April 14, 2026

Maria Dolores Navarro Martin
A#: 204984846
Broward Transitional Center
3900 N. Powerline Rd.
Pompano Beach Fl. 33073

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct original of the foregoing document has been furnished by U.S. Mail-postage prepaid to The Clerk of the Circuit court for the U.S. District Court for the District of Columbia at 333 Constitution Av. NW Room 1225, Washington DC. 20001. Further Certify that the served a copy of this document to the counsel for the Plaintiff Mary Georgevich, Amica Center for Immigrant Rights, 111 West Jackson Blvd. Suite 800 Chicago ILL. 60604; to the counsel for Defendants, Daren K. Margolin, at the *Executive Office for Immigration Review* - clerk's office, 5107 Leesburg Pike Suite 2000, Falls Church, VA 22041; to the U.S. Dpto of Justice, Pamela Bondi U.S. Attorney General at 950 Pennsylvania Av. NW. Washington Dc. 20530-0001; to the Immigration *Court and United States Immigration Customs Enforcement* ("DHS/ICE") at BTC, 3900 N. Powerline Rd. Pompano Beach Fl. 33073, and all the lawyers on record via e-filing court system, on this day April 14, 2026.

Respectfully Submitted:

Maria Dolores Navarro Martin
A#: 204984846
Broward Transitional Center
3900 N. Powerline Rd.
Pompano Beach Fl. 33073