**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-00696 (RDM) |

**JOINT STATEMENT ON PROPOSED SCHEDULING**

On February 6, 2026, the Executive Office for Immigration Review (EOIR) published an interim final rule (IFR) whose stated purpose was to address the backlog of immigration cases pending at the Board of Immigration Appeals (BIA). *Appellate Procedures for the Board of Immigration Appeals*, 91 Fed. Reg. 5,267, 5,270 (Feb. 6, 2026).

On February 26, 2026, Plaintiffs brought the instant action pursuant to the Administrative Procedure Act (APA) and sought preliminary relief in the form of a stay under 5 U.S.C. § 705, to prevent the IFR from going into effect. See Dkts. 1, 2. Plaintiffs' 705 stay motion sought relief based on three of the causes of action in their Complaint, namely: (1) that the IFR was promulgated without required notice-and-comment rulemaking (Count I); (2) that the IFR was contrary to law (Count II); and (3) that the IFR was arbitrary and capricious (Count III).

On March 2, 2026, the Court entered an order to treat Plaintiffs' pending motion as a motion for summary judgment as to the notice-and-comment claim or, alternatively, as a motion for a Section 705 stay on all the issues raised in Plaintiffs' Complaint. Dkt. 17.

On March 8, 2026, the Court entered an order granting Plaintiffs partial summary judgment as to their notice-and-comment claim and denying Plaintiffs' motion for a Section 705 stay. Dkt. 33 at 1. Consequently, the Court set aside several portions of the IFR, finding that the agency did not comply with the notice-and-comment rulemaking requirement, and remanded the matter to the agency for further proceedings consistent with the Court's order. *See* Dkt. 33 at 1-2.

On April 10, 2026, the Court entered a stay of all pending deadlines "pending the completion of the notice-and-comment period and promulgation of the Final Rule," and further ordered "that Defendants file a status report, notifying the Court of the promulgation of the Final Rule, within 24 hours of the Final Rule's promulgation." Minute Entry (4/10/26).

On November 17, 2026, Defendants published the Final Rule, *Appellate Procedures for the Board of Immigration Appeals*, with an effective date of December 17, 2026. 91 Fed. Reg. 73,876 (Nov. 17, 2026), *available at* https://public-inspection.federalregister.gov/2026-23320.pdf (last accessed Nov. 17, 2026).

In light of the foregoing, the parties have met and conferred about a schedule for further proceedings in this case. The parties agree that the stay of all deadlines should be lifted, except that the parties agree that Defendants' deadline to file an answer to the complaint or, alternatively, a dispositive motion, will continue to be stayed pending the Court's resolution of Plaintiffs' motion for a stay of the Final Rule.

The parties further agree that Plaintiffs may amend their complaint in light of the Final Rule.

Although the parties exchanged several scheduling proposals, the parties could not agree on scheduling for further proceedings. Accordingly, the parties submit their respective scheduling proposals below.

***Plaintiffs' Position*:**

Plaintiffs propose the following schedule:

- Plaintiffs shall file an amended complaint by Monday, November 30, 2026.
- Plaintiffs shall file a motion to postpone the effective date of the Final Rule under 5 U.S.C. § 705, including any updated declarations in support of that motion, by Tuesday, December 1, 2026. Because the Final Rule will otherwise take effect on December 17, 2026, Plaintiffs respectfully request a ruling by that date.
- Defendants shall file their opposition by Tuesday, December 8, 2026, which provides Defendants up to seven days as typically provided by Local Rule 65.1(c) with respect to motions for preliminary relief.
- Plaintiffs shall file their reply by Friday, December 11, 2026.
- Should the Court wish to hear from the parties at oral argument, Plaintiffs propose argument at the Court's convenience the week of December 14, 2026.
- Plaintiffs respectfully submit that this schedule provides sufficient time for Plaintiffs to submit an amended complaint, necessary updated declarations, and a new 705 stay motion based on the Final Rule, and any response from Defendants.
- Should the Court require additional time, Plaintiffs are amenable to an extended schedule, but respectfully submit that such an extension of time be contingent on Defendants' postponement of the Final Rule's December 17, 2026 effective date until such time that the Court can resolve Plaintiffs' motion before the Rule takes effect. *See* 5 U.S.C. § 705. In the alternative, Plaintiffs anticipate seeking an administrative stay until the Court resolves the motion.

Plaintiffs also submit for the Court's awareness that they conferred with Defendants and requested that Defendants postpone the effective date of the Final Rule at least for the limited time necessary to allow the parties to brief the forthcoming motion and Defendants stated they would not postpone the Rule's effective date.

***Defendants' Position as Relayed to Plaintiffs*:**

Defendants propose the following schedule:

- Plaintiffs shall file an amended complaint by Monday November 30, 2026.
- Plaintiffs shall file a motion to postpone the effective date of the Final Rule under 5 U.S.C. § 705, including any updated declarations in support of that motion, by Monday November 30, 2026. This allows Plaintiffs 13 days from the date of the Rule's publication to file their amended complaint, stay motion and updated declarations.
- Defendants shall file their response by Wednesday December 9, 2026. This allows Defendants 9 days to respond to Plaintiffs' amended complaint, stay motion and updated declarations. Defendants are normally entitled to 14 days to respond to a motion. *See* LCvR 7(d). Local Rule 65.1(c) governs motions for preliminary injunctions, not motions for stays of agency action.
- Plaintiffs shall file their reply by Friday December 11, 2026.
- Should the Court wish to hold a hearing, Defendants do not object to argument scheduled the week of December 14, 2026.

//

//

Respectfully submitted,

November 18, 2026

Keren Zwick (D.D.C. Bar No. IL0055)
Mary Georgevich
Maria E. Dambriunas* (D.C. Bar No. 1738154)
Fizza Davwa**
Nicole May
**NATIONAL IMMIGRANT JUSTICE CENTER**
111 W. Jackson Blvd. Suite 800
Chicago, Illinois 60604
kzwick@immigrantjustice.org
mgeorgevich@immigrantjustice.org
mdambriunas@immigrantjustice.org
fdavwa@immigrantjustice.org
nmay@immigrantjustice.org
Phone: (312) 660-1364

* Application for admission to D.D.C. forthcoming
** Application for admission *pro hac vice* forthcoming

/s/ *Erez Reuveni*
Erez Reuveni (D.D.C. Bar No. CA00244)
Allyson R. Scher (D.C. Bar No. 1616379)
Catherine M.A. Carroll (D.C. Bar No. 497890)
Robin F. Thurston (D.C. Bar No. 1531399)
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, D.C. 20043
ereuveni@democracyforward.org
ascher@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org
Phone: (202) 448-9090

Michelle Lapointe (D.C. Bar No. 90032063)
Suchita Mathur (D.C. Bar No. 90013156)
**AMERICAN IMMIGRATION COUNCIL**
2001 L Street, NW, Suite 500
Washington, D.C. 20036
mlapointe@immcouncil.org
smathur@immcouncil.org
Phone: (202) 507-7645

*Counsel for Plaintiffs*

JONATHAN D. GUYNN
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

TYLER BECKER
*Counsel to the Assistant Attorney General*
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

/s/ *Papu Sandhu*
PAPU SANDHU (Mass. Bar No. 630090)
*Acting Senior Leader*
papu.sandhu@usdoj.gov
202-616-9357

CHRISTOPHER IAN PRYBY
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Erez Reuveni*
EREZ REUVENI